# UNITED STATES COURT OF APPEALS
## *for the*
## NINTH CIRCUIT

## No. 13-16111

---

**DR. MICHAEL A. WEINER,** *et al.*,

                                        **Plaintiffs/Appellees,**

v.

**THE ORIGINAL TALK RADIO NETWORK,**

                                        **Defendant/Appellant.**

---

**Appeal from Judgment on Motion to Vacate Arbitration Award**
**The Hon. Yvonne Gonzalez Rogers**
**United States District Court for the Northern District of California**

---

## APPELLANT'S OPPOSITION TO MOTION FOR SANCTIONS
## FED. R. APP. 38

---

                                          **John M. Shoreman (SBN 407626)**
                                          **McFADDEN & SHOREMAN**
                                          **1050 Connecticut Avenue, N.W.**
                                          **Suite 1000**
                                          **Washington, D.C. 20036**
                                          **Tel. (202) 772-3188**
                                          **Fax (202) 204-8610**
                                          mstlaw@erols.com
                                          **Attorney for Appellant**

Appellant, The Original Talk Radio Network ("OTRN"), through counsel, hereby opposes Appellee's motion for sanctions (Fed. R. App. P. 38). In support whereof, the following is shown.

## PRELIMINARY STATEMENT

Appellees Dr. Michael A. Weiner and Savage Productions, Inc. (collectively, "Savage") request the imposition of sanctions without a credible basis in law or fact. Savage is a nationally syndicated, radio talk-show host with a reputation for controversy. Savage has an audience that numbers in the millions. The irony of Savage presuming to act as a guardian of this Court's precedents is astounding. Savage routinely denigrates and ridicules the Ninth Circuit and its decisions. This unabashed demagogue drums up public sentiment against the Court so frequently that a catchphrase is employed to identify the Ninth Circuit to his audience.[1] Savage has the temerity to now accuse OTRN of a "dismaying lack of respect" for the precedents of this Court. Motion, at 8.

OTRN presents the following six issues on appeal: (1) whether the arbitration panel went beyond the scope of its authority when it terminated the parties' agreement where termination was not a permitted remedy under the governing arbitration clause; (2) whether it was error to deny OTRN's motion to

---

[1] "Ninth Jerk-it Court of Schlemiels: the Ninth Circuit Court of Appeals, the most liberal federal court in the nation, where justices have their heads up their robes." *Liberalism is a Mental Disorder: Savage Solutions*, Michael Savage (Thomas Nelson, Inc. 2005), at 209.

vacate where the arbitration award could not be rationally inferred from the parties' agreement; (3) whether it was error to deny OTRN's motion to vacate where the arbitration award exhibited a manifest disregard of the law; (4) whether Savage's credible threats of economic harm to the arbitration tribunal, the AAA, were evidence of undue influence or corruption; (5) whether it was error for the trial court to deny OTRN's request for limited, post-arbitration discovery in the face of such credible threat; and (6) whether it was error to join Talk Radio Network, Inc. as a named party to the judgment.

Savage's motion for sanctions questions OTRN's arguments in support of issues (1) and (2), above; it reargues the issue of whether Talk Radio Network Inc. is a proper party; and, it attempts to supplement Savage's brief with a discussion as to whether OTRN waived its objection to the threatening emails Savage sent to the American Arbitration Association ("AAA"). All other issues presented by OTRN are ignored; including whether the Arbitration Panel acted in manifest disregard of the law, which standing alone may warrant vacatur of the Award. *See Comedy Club, Inc. v. Improv W. Association*, 553 F.3d 1277, 1290 (9th Cir. 2009); OTRN's Opening Brief, at 21-24.

3

## **LEGAL STANDARD**

To recover the sanctions he seeks, Savage must demonstrate OTRN's appeal is frivolous. This Court's precedent makes it clear that more is required for the imposition of sanctions than what Savage may view as losing arguments. *See In re George*, 322 F.3d 586, 591 (9th Cir. 2002). Under the Court's formulation, an appeal is frivolous when the results are obvious, or the arguments of error are wholly without merit. *Id*. OTRN's appeal raises substantive issues of basic due process and asks the Court to protect the integrity of the arbitration process. In this unique and extraordinary case it is admitted that direct and credible threats of economic harm were directed to the arbitration tribunal, the AAA. OTRN's Opening Brief, at 9-11, 24-27. To argue that OTRN's arguments are wholly without merit is itself a frivolous act.

Savage claims the appeal was filed for purposes of delay. As far as OTRN is aware, the only delay to Savage's execution of the Judgment to date was caused by his own feckless attempt at collection.[2]

(1) **OTRN Properly Argues No Waiver of Non-Termination Provision**

Savage claims it is frivolous for OTRN to assert that that Arbitration Panel acted beyond the scope of the authority granted to it under the governing arbitration clause in terminating the parties' agreement. Based on the claims

---

[2] See, Order Denying Motion to Register Judgment is District of Oregon, Docket No. 76 (10-CV-05785).

4

actually before the Panel, termination was not an available remedy under the expressly stated terms of the arbitration clause. OTRN's Opening Brief, at 4-8, 13-16 and 18-21. At no time did OTRN stipulate that termination of the parties' agreement was an appropriate remedy for any of the claims in arbitration. (ER 50). As discussed in OTRN's briefs, Savage's amended claims of April 17, 2012, which Savage relies on now, were rejected by the Panel and never re-submitted by Savage for consideration. (ER 55-56).

  Savage obviously believes any argument that contradicts his position that the Panel had "implicit" authority to consider any issue it chose under *Schoendure Corp. v. Lucent Tech.*, 442 F.3d 727 (9th Cir. 2006) must be frivolous. OTRN will not belabor points already argued in the briefs (OTRN Reply Brief, at 4-5), suffice is to say, *Schoendure* involved a broad arbitration demand very unlike the highly detailed arbitration claims involved in this case. It is disingenuous in the extreme for Savage to argue broad, implicit authority with full knowledge that the Panel specifically rejected the demands contained in his Amended Claims. (ER 55-56). Essentially, he argues that even though the Panel rejected his express claims it had authority to consider them later on an implicit basis and without notice to OTRN.

  Savage also claims that it is frivolous to argue that the Panel acted beyond its authorized scope because OTRN previously waived the prohibition against termination. However, Savage did not make the argument that OTRN had waived

5

its scope of authority objection in the course of proceedings on the motions to affirm and vacate in the District Court. The argument was not raised by Savage his responsive brief was filed with this Court. In ruling on the motions to affirm and vacate, the District Court, which of course had access to the entire record, did not find for Savage on this point on the basis of OTRN's alleged waiver. The District Court held the parties' Matching Agreement modified the arbitration clause in such a way that the non-termination restriction was no longer operative. OTRN takes exception to the District Court's ruling. OTRN maintains no waiver can be inferred from the comments made by counsel in proceedings related to the motion to compel. OTRN Reply Brief, 1-3.

      Moreover, as discussed at length in OTRN's reply brief, termination was not a remedy that was available for any of the claims that were actually presented to the Arbitration Panel for resolution. Savage's suggestion that on appeal OTRN tried to conceal the terms of the parties' overall agreement by including only the arbitration clause in its Excerpts of Record is nonsensical. Savage obviously possesses a copy of the full agreement and had every opportunity to present it both on appeal and to the court below. OTRN presented what is relevant to its argument under its explicit terms the arbitration clause prohibits termination based on the claims that were actually presented to the Arbitration Panel by Savage.

6

**(2)     Talk Radio Network, Inc. is Not a Party**

The argument that OTRN waived its claim that Talk Radio Network, Inc. is not a party to the Arbitration Award and Judgment is patently false. OTRN raised the issue in the District Court with its filing of Objections to Plaintiffs Proposed Judgment (Docket No. 61) in which it was pointed out that the Arbitration Award refers only to OTRN, and that each item of the Award only refers to OTRN as the applicable party. Savage's statement that the Panel consistently referred to Talk Radio Network, Inc. is a misrepresentation.

Savage is attempting, through obfuscation and duplicity, to include a non-party in the judgment.  Confusion arises from the fact that OTRN was previously known as Talk Radio Network, Inc., but changed its name to OTRN ("The Original Talk Radio Network, Inc.") by amendment to its Articles on April 28, 2000. Copies of the original Articles of April 30, 1993, and the Articles of Amendment of April 28, 2000 (changing the corporate name of OTRN) are attached as Exhibit 1. An entirely new and distinct corporation named Talk Radio Network, Inc. was subsequently formed in Delaware on April 6, 2004. A copy of Talk Radio Network, Inc.'s Articles are attached as Exhibit 2.  The latter corporation was not a party to the contract with Savage, and was not involved in the arbitration. Nevertheless, without any basis in fact, Savage continues to insist that Talk Radio Network, Inc. is responsible under the Award and Judgment.

7

OTRN's efforts to clear up this confusion both in the District Court and on appeal cannot in good faith be described as frivolous.

(3) **OTRN's Knowledge of Threatening Emails**

Savage argues that OTRN ignores Court precedent which establishes that a failure to object to an arbitrator's partiality when constructive notice of such partiality is received during the arbitration creates a waiver. *Fidelity Federal Bank v. Durga Ma Corp.*, 386 F.3d 1306, 1313 (9th Cir. 2004). The facts of the present appeal are entirely distinguishable. First, it is not established that OTRN had full knowledge of all improper communications between Savage and the AAA. OTRN's Opening Brief, at 10. Second, OTRN only became aware of the threatening emails on the eve of the final hearing in the arbitration, and (since they were directed to the AAA, rather than to the arbitrators directly) no reasonable suspicion was raised concerning the partiality of the Panel; especially in light of the Panel's prior rulings in the case. OTRN's Opening Brief, at 9-11, 24-26.

A case with facts as bizarre as this appeal falls outside the holding in *Fidelity*. From a practical standpoint, it was impossible for OTRN to realize the effect of Savage's threats to the AAA until the final arbitration award was issued. Accordingly, *Fidelity* is inapposite.[3]

---

[3] Savage is not questioning the arguments underlying OTRN's exception to the District Court's denial of limited, post-arbitration discovery.

## CONCLUSION

For the reasons set forth above, OTRN prays the Court to deny Savage's motion for sanctions in its entirety.

Dated: April 3, 2014               Respectfully submitted,
                                   McFADDEN & SHOREMAN


                                   */s/ John M. Shoreman*
                                   _____
                                   John M. Shoreman

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Appellant's Opposition to Motion for Sanctions was filed on April 3, 2014, using the Courts ECF filing system and that electronic copies of the foregoing will be transmitted to all counsel of record.

                                   */s/ John M. Shoreman*
                                   _____
                                   John M. Shoreman

9